UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TREVEON CAMEL,

        Petitioner,

                                    CASE NO. 2:14-CV-12591
v.                                  HONORABLE NANCY G. EDMUNDS

CARMEN PALMER,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTIONS FOR RECONSIDERATION AND ACCESS TO ATTORNEY

      This matter is before the Court on Petitioner's motion for reconsideration concerning the Court's denial of his habeas petition, as well as his motion for access to his attorney. The Court denied a certificate of appealability and denied leave to proceed in forma pauperis on appeal when it denied the habeas petition.

      In his motion, Petitioner does not challenge the Court's decision denying him relief on his habeas claims. Rather, he asks the Court to withdraw its decision because he has a collateral review motion (his second) pending in state court and wants to be able to proceed on those claims in federal court should the state courts deny him relief. Petitioner also asserts that he was improperly subject to multiple prison transfers and sent from a prison in the lower peninsula to a prison in the upper peninsula during the pendency of his habeas case and that prison officials are only allowing contact with his attorney through regular mail.

As an initial matter, the Court finds no reason to reconsider its decision to deny the habeas petition. Petitioner has not met his burden of showing a palpable defect by which the Court has been misled or his burden of showing that a different disposition must result from a correction thereof, as required by Local Rule 7.1(h)(3). The Court properly denied relief on Petitioner's habeas claims and denied the petition. The Court also properly denied a certificate of appealability and leave to proceed in forma pauperis on appeal.

The Court also declines to withdraw its decision to allow Petitioner to await the conclusion of his second round of state collateral review proceedings and then proceed on those claims in this case. As counsel for Petitioner acknowledges, in December, 2013, on Petitioner's own motion, the Court dismissed a prior habeas petition without prejudice to allow Petitioner to exhaust additional claims in the state courts. In February, 2014, the Court denied Petitioner's request to set aside that dismissal, reinstate his case, and waive the exhaustion requirement. At the time of those proceedings, the Court informed Petitioner that he had three months of the one-year statute of limitations period remaining in which to seek federal habeas relief. In June, 2014, Petitioner filed his second motion for relief from judgment in the state courts.

In July, 2014, Petitioner instituted this habeas action, including only his exhausted claims. Petitioner did not inform the Court that he had a motion pending in state court. In fact, he checked the box on his form petition indicating that he did not have any petition or appeal pending in state or federal court. *See* Pet., p. 12. Counsel subsequently filed an appearance and adopted that pleading as if signed by himself.[1]  Respondent filed an

---

[1]The original petition was submitted on Petitioner's behalf by another prisoner. The Court issued a deficiency order and counsel responded by filing an appearance.

2

answer to the petition and the state court record in February, 2015.  Petitioner did not file a reply to that answer.  The Court issued its decision in June, 2016.

As the foregoing procedural history indicates, Petitioner had ample opportunity to fully pursue all of his potential habeas claims in the state courts before seeking federal habeas review.  Moreover, once he instituted this action, he could have informed the Court that he had a matter pending in the state court and seek a stay prior to the issuance of the Court's decision, but he did not do so.[2]  While Petitioner may have been subject to multiple prison transfers, sent to a distant prison, and only able to communicate with counsel via regular mail for some unknown period of time,[3] he had more than sufficient time to consult with counsel and make decisions about how to handle his case – his habeas petition (the second one) was pending in this Court for nearly two years.  The Court never heard one word about prison transfers or limited communications with counsel until the case was dismissed.  Petitioner fails to show that he is entitled to reconsideration or withdrawal of the Court's decision.

Additionally, the Court notes that Petitioner is not foreclosed from seeking federal habeas relief on any additional claims contained in his second state court motion for relief from judgment and related appeals.  Once he completes the state court process, he can

_____

[2]Respondent informed the Court of the pending motion in the answer to the petition, but did not move for dismissal on such a basis.  Petitioner did not file any reply to the answer.

[3]Petitioner fails to provide details about his alleged multiple prison transfers and fails to indicate when he was transferred to the upper peninsula.  Counsel's and the prison official's emails regarding communication limitations are dated May 23, 2016 and May 24, 2016 – approximately 22 months after the petition was filed, 15 months after the answer was filed, and less than one month before the Court issued its decision.

request authorization from the United States Court of Appeals for the Sixth Circuit to file a second or successive habeas petition.  *See* 28 U.S.C. § 2244(b)(2), (3).

Lastly, as to Petitioner's request for access to counsel, the Court declines to address such matters given that it has denied habeas relief and closed this case.  If Petitioner pursues an appeal and continues to have problems communicating with counsel during that process, he should seek appropriate relief from the Sixth Circuit.

Accordingly, for the reasons stated, the Court **DENIES** Petitioner's motions for reconsideration and for access to his attorney.  This case remains closed.  No further pleadings should be filed in this matter.

**IT IS SO ORDERED**.


s/ Nancy G. Edmunds
NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

Dated:  August 2, 2016

4